UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.C.C.,<br><br>        *Petitioner,*<br><br>– against –<br><br>KENNETH GENALO, *in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement,* WARDEN RAUL MALDONADO, JR., *in his official capacity as Warden of the Metropolitan Detention Center,* ACTING DIRECTOR TODD LYONS, *in his official capacity as Acting Director U.S. Immigrations and Customs Enforcement,* SECRETARY MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security,* PAM BONDI, *in her official capacity as Attorney General,*<br><br>        *Respondents.* | **MEMORANDUM & ORDER**<br>26-cv-01790 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

On August 27, 2025, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner L.C.C. Pet. for Writ of Habeas Corpus ("Petition") ¶ 1, ECF No. 1; *see also* Resp'ts Letter dated Mar. 27, 2026 ("Response") 2, ECF No. 6.[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 1; Resp. 2. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 7. Petitioner also seeks leave to proceed under a pseudonym. Mot. for Leave to Proceed under Pseudonym ("Motion"), ECF No. 2. For the reasons discussed below, the petition and the motion are **GRANTED**.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

**BACKGROUND**

Petitioner is a citizen of Peru. Pet. ¶ 11; Resp. 2. Petitioner has resided in the United States since approximately 1997. Pet. ¶ 11. Petitioner was detained by ICE on August 27, 2025 and is currently being held by respondents at the MDC. Pet. ¶ 1; Resp. 2. He commenced the instant action on March 25, 2026 by filing a petition for a writ of habeas corpus. *See* Pet. The following day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y), or any other decision of this Court. Scheduling Order 3, ECF No. 4. The government filed a response stating that petitioner is being detained under 8 U.S.C. § 1225(b)(2)(A). Resp 2. The response further stated that "[w]hile [r]espondents respectfully disagree with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they acknowledge that those decisions would control the result in this case if the Court adheres to those decisions, as the facts of this case are materially indistinguishable from those of *Crespo Tacuri* and *Y-C-*." Resp. 4.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

**DISCUSSION**

**I.      Habeas Petition**

Petitioner contends that he is being detained in violation of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. Pet. ¶¶ 72–85. The government concedes that the instant case is materially indistinguishable from the Court's prior decisions in *Y-C-* and *Crespo Tacuri*. Resp. 4. Accordingly, respondents "rely upon, and incorporate by reference, the legal arguments presented by the Government in *Crespo Tacuri* and *Y-C-* and respectfully submit that the Court can decide this matter without further briefing." Resp. 4. The only substantive points that the Response offers are that: (1) some district judges in New York as well as the Fifth Circuit and Eighth Circuit Courts of Appeals have ruled in favor of the government in similar cases, Resp. 4; (2) of the many district court decisions that have rejected respondents' position, those from district courts within the Fifth and Eighth Circuits should no longer be considered persuasive, Resp. 5; (3) the government has an upcoming oral argument before the Second Circuit Court of

Appeals in a similar case, Resp. 5. The Court finds that none of these points undermines the reasoning of the Court's prior opinions.

Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y- C-*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[3] *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri,* 2026 WL 35569, *7; *see also Ccorihuaman,* 2026 WL 328983, at *2; *Meza-Figueredo v. Bondi*, No. 26-cv-01320, 2026 WL 673279 (E.D.N.Y. Mar. 10, 2026).

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## II.     Motion to Proceed Under a Pseudonym

Petitioner has also filed a motion under seal seeking permission to proceed under pseudonym. *See* Mot. The Court finds that because the motion contains sensitive personal information, including information about petitioner's health and personal history, under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the strength of the presumption of public access is outweighed by the privacy interests of the individual who the information concerns. Accordingly, the motion has been appropriately filed under seal.

---

[3]     For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or *Crespo Tacuri. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

The Court also finds it appropriate to permit petitioner to proceed under a pseudonym. In determining whether a petitioner should be permitted to proceed anonymously, courts must balance "the [petitioner]'s interest in anonymity" against "both the public interest in disclosure and any prejudice to the [respondent]." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has articulated a non-exhaustive list of considerations relevant to this inquiry, including, among other things, whether the litigation involves matters of a "highly sensitive and of a personal nature"; "whether the public's interest in the litigation is furthered by requiring the [petitioner] to disclose his identity"; and whether "the [respondent] is prejudiced by allowing the [petitioner] to press his claims anonymously." *Id.* at 190. In the instant case, the Court finds that because of the "highly sensitive and . . . personal nature" of the information contained in the case, petitioner's interest in anonymity outweighs the public's interest in disclosure of petitioner's identity. Moreover, the Court finds that there is no prejudice to respondents because respondents have been able to ascertain petitioner's identity. Petitioner's interest in anonymity thus outweighs any potential prejudice to respondents. Accordingly, petitioner's motion to proceed under the pseudonym "L.C.C." is granted.

**CONCLUSION**

For the foregoing reasons, the Court holds that petitioner's detention violates the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on March 30, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without

notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Respondent's March 30, 2026 deadline to file a full response, petitioner's March 31, 2026 deadline to file a reply, and the hearing scheduled for April 1, 2026 are hereby adjourned *sine die*.

Petitioner's motion to proceed under a pseudonym is **GRANTED** and the motion may remain filed under seal.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of

this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

 */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: March 27, 2026
Brooklyn, New York